UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21116-CIV-UNGARO/O'SULLIVAN

LANA C. KEETON,

    Plaintiff,

v.

GYNECARE WORLDWIDE,
A Division of Ethicon, Inc. A foreign corporation,
ETHICON, Inc., a foreign corporation and
JOHNSON & JOHNSON, a foreign corporation,

    Defendant(s).
_____/

## **ORDER**

THIS MATTER came before the Court on the Plaintiff Lana C. Keeton's Motion to Compel Defendants to Immediately Schedule Dates of Inspection of Manufacturing Facility (DE # 91, 4/25/07). Having considered the motion, pertinent portions of the record and the law, it is hereby

ORDERED AND ADJUDGED that the Plaintiff Lana C. Keeton's Motion to Compel Defendants to Immediately Schedule Dates of Inspection of Manufacturing Facility (DE # 91, 4/25/07) is **DENIED**.

This is a product liability lawsuit with respect to a Gynecare TVT system and device. The system and device are manufactured in Switzerland. In her motion, the plaintiff indicates that she requested counsel for the defendant to allow the inspection of the defendant's facilities to go forward on certain dates. Under Fed. R. Civ. P. 37(a)(2)(B), a party may move to compel an inspection if the other party has failed to allow the inspection

after the moving party has made a proper request for the inspection under Rule 34.  Here, the plaintiff failed to make a proper Rule 34 request.

The plaintiff has failed to provide adequate support for her need to inspect the premises.  See DUSA Pharmaceuticals, Inc. v. New England Compounding Pharmacy, Inc., 232 F.R.D. 153 (D. Mass. 2005) (denying plaintiff's motion to compel entry and inspection of defendant's premises and operations).  Moreover, the burden of inspecting the plant outweighs the benefit.  The plaintiff has not demonstrated that the inspection of the defendant's facility in Switzerland is necessary for her to prosecute her lawsuit.  See, e.g. Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904, 908 (4th Cir. 1978) ( "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.")

DONE AND ORDERED, in Chambers, at Miami, Florida, this **18th** day of May, 2007.

_____

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Ungaro
All counsel of record

Mailed by Chambers to:
Lana C. Keeton
P.O. Box 402494
Miami Beach, FL 33140