UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21116-CIV-UNGARO/O'SULLIVAN

LANA C. KEETON,

    Plaintiff,

v.

GYNECARE WORLDWIDE,
A Division of Ethicon, Inc. A foreign corporation,
ETHICON, Inc., a foreign corporation and
JOHNSON & JOHNSON, a foreign corporation,

    Defendant(s).
_____/

## ORDER

THIS MATTER came before the Court on Plaintiff Pro Se, Lana C. Keeton's Motion to Compel Compliance with Federal Rules of Civil Procedure at Deposition (DE# 107, 6/5/07), Defendants' Emergency Motion to Quash Non-party Subpoenas Served on Alan Garely, M.D. and Yitzhak Berger, M.D. and for Protective Order (DE # 113, 6/19/07), Non-Party Alan Garely, M.D.'s Motion to Quash Non-Party Subpoenas Served on Alan Garely, M.D. and for Protective Order (DE# 119, 6/26/07) and Notice of Joinder in Motions of Defendants and Alan Garely, M.D., to Quash the Non-Party Subpoena "Served" on Yitzhak Berger, M.D. and for Protective Order (DE# 121, 6/27/07). Having reviewed the applicable filings and the law and having conducted a hearing on this matter, it is

ORDERED AND ADJUDGED that Plaintiff Pro Se, Lana C. Keeton's Motion to Compel Compliance with Federal Rules of Civil Procedure at Deposition (DE# 107, 6/5/07) is DENIED. The Court has reviewed the plaintiff's deposition. It does not appear to the

Court that the defendants' counsel behaved in a disparaging, harassing or threatening manner towards the plaintiff at the deposition. The Court finds no basis for striking portions of the plaintiff's deposition.  It is further

ORDERED AND ADJUDGED that Defendants' Emergency Motion to Quash Non-party Subpoenas Served on Alan Garely, M.D. and Yitzhak Berger, M.D. and for Protective Order (DE # 113, 6/19/07) and Non-Party Alan Garely, M.D.'s Motion to Quash Non-Party Subpoenas Served on Alan Garely, M.D. and for Protective Order (DE# 119, 6/26/07) are GRANTED. The subpoenas issued by the plaintiff to Drs. Garely and Berger are quashed. Fed. R. Civ. P. 45(a)(3) provides that "[t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service." The rule further provides that an attorney may issue a subpoena on behalf of the court in which the attorney is authorized to practice or on behalf of a court in which the deposition is to be held if it pertains to an action pending in a court where that attorney is authorized to practice. Id. The plaintiff in the instant action is pro se and is not an attorney. As such, the plaintiff did not have authority under Rule 45 to issue the subpoenas to Drs. Garely and Berger.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **9th** day of July, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Judge Ungaro
All counsel of record

Copies sent by Chambers to:

Lana C. Keeton
P.O. Box 402494
Miami Beach, FL 33140

Catherine A. Mirabel, Esq.
Counsel for Alan Garely, M.D.
(516) 794-8114

Phillip B. Vinick, Esq.
Counsel for Yitzhak Berger, M.D.
(973) 994-2552