UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-21116-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE O'SULLIVAN

LANA C. KEETON,

        Plaintiff,

vs.

GYNECARE WORLDWIDE, A Division
of Ethicon, Inc., a foreign corporation,
ETHICON, INC., a foreign corporation, and
JOHNSON & JOHNSON, a foreign corporation,

        Defendants.
_____/

## DEFENDANTS, ETHICON, INC.'S AND JOHNSON & JOHNSON'S VERIFIED MOTION TO TAX COSTS WITH MEMORANDUM OF LAW

Defendants, Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants"), pursuant to Local Rule 7.3 for the United States District Court for the Southern District of Florida, Rule 54(d) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920, move this Court to tax costs in Defendants' favor against Plaintiff, Lana Keeton ("Keeton" and/or "Plaintiff"). In support thereof, Defendants state as follows:

1.     On December 21, 2005, Plaintiff filed a products liability Complaint against Defendants in the Eleventh Judicial Circuit, in and for Miami Dade County, Florida alleging causes of action for negligence, breach of warranty, and strict liability (design defect and failure to warn) [DE 1].

2.     On May 3, 2006, Defendants removed this action pursuant to this Court's diversity jurisdiction [DE 1].

3.     On July 23, 2007, Defendants filed their Motion for Final Summary Judgment on

149964_3

all counts of Plaintiff's Amended Complaint [DE 138].

4.  On August 14, 2007, the Court entered an Order granting summary judgment in favor of Defendants, and entered Final Judgment against Plaintiff and in favor of Defendants [DE 177].

5.  Defendants are the prevailing parties in this action. Thus, they are entitled to be reimbursed by Plaintiff for certain costs incurred in the litigation in accordance with the guidelines set forth in 28 U.S.C. § 1920.

6.  Defendants seek to have the following costs taxed against Plaintiff:

| | | |
|---|---|---|
| a. | Filing fees | $350.00 |
| b. | Service of process and witness subpoenas | $2,979.22 |
| c. | Witness fees | $40.00[1] |
| d. | Deposition fees | $3,358.24 |
| e. | Hearing transcript fees | $290.00 |
| f. | Copies of pleadings and documents filed for the Court's consideration | $474.94 |
| g. | Copies of documents produced to Keeton in response to discovery | $5,042.85 |
| | **TOTAL TAXABLE COSTS:** | **$12,535.25** |

Documents supporting Defendants' costs are attached as Composite Exhibit A. The costs are reasonable in light of the more than eighteen months of litigation, extensive discovery and motion practice by the parties.

### I. MEMORANDUM OF LAW

Federal Rule of Civil Procedure Rule 54(d) states that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." The specific types of costs which may be allowed are set forth in 28 U.S.C. § 1920. The types of

---

[1] Defendants incurred approximately $11,851.25 in witness fees to successfully defend this case. Accordingly, Defendants request that the Court exercise its discretion in allowing Defendants to recover witness fees in excess of the $40.00 per diem witness fee permitted under 28 U.SC. § 1821.

costs recoverable include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and reimbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920.

Courts in the Eleventh Circuit have awarded expenses liberally as appropriate to the specific litigation and as determined by the necessities of the case. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985). In the exercise of sound discretion, trial courts are generally given great latitude in ascertaining taxable costs. *See Loughan*, 749 F.2d at 1526.

The following types of cost items which Defendants are seeking to have taxed against Plaintiffs in this action are appropriate under the applicable statute:

    a.    **Filing Fees**

The cost of the filing fee is taxable pursuant to 28 U.S. § 1920. *See Long v. Athos Corp.*, Case No. 8:05-CV-1644-27MAP (M.D. Fla. 2006).

    b.    **Service of process and witness subpoenas**

Pursuant to 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). However, since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. *Id.* The U.S. Marshal no longer has that responsibility in most cases. *Id.* Rather, a private party must be employed as process server. *Id.* Accordingly, fees for private process servers and for witness subpoenas are properly taxable. *See* 28 U.S.C. § 1920(1); *W&O, Inc.*, 213 F.3d at 624.

    c.    **Witness fees**

Fees paid to witnesses for appearing at deposition are properly taxable under 28 U.S.C. § 1920(3). *See Loughan*, 749 F.2d at 1526.

### d. Fees for deposition and hearing transcripts

"Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are costs that are specifically contemplated under the statute. *See* 28 U.S.C. § 1920(2). This includes costs for court hearings transcripts, as well as deposition transcripts used during discovery if the witnesses were on the witness list for trial. *See Desisto College, Inc. v. The Town of Howey-In-The-Hills*, 718 F. Supp. 906, 912 (M.D. Fla. 1989), *aff'd* 914 F.2d 267 (11th Cir. 1990); *Maris Dist. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207 (11th Cir. 2002); *see also Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (holding that taxation of all depositions taken of potential trial witnesses were proper even though only two of the six depositions were used at trial, because the depositions were reasonably necessary to prepare a defense). The costs of video depositions are also encompassed by 29 U.S.C. § 1920. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464 (11th Cir. 1996).

Accordingly, Defendants are entitled to the costs of the various discovery depositions taken in this action, including the videotaped deposition of Plaintiff and her expert. The depositions were of witnesses who were expected to be called at trial, were identified on the parties' witness lists, and their testimony was filed for the Court's consideration in support of Defendants' successful motion for summary judgment. Moreover, Plaintiff relied upon these depositions in her submissions.

### e. Copies

Copies are properly taxable if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are all recoverable. *See Desisto College*, 718 F. Supp. at 913. The district judge has discretion to determine what copies were "necessarily obtained for use in the case."

*See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (stating that charging for two copies of every document filed with the court or provided to opposing counsel, and charging for more if the court requires more to be filed, can be deemed reasonable and necessarily obtained).

Accordingly, Defendants seek to recover their costs for two sets of copies for the documents filed with the Court and served on Plaintiff. However, with respect to deposition transcripts, they seek to recover costs for only one set of copies filed with the Court because Defendants did not provide a copy of those transcripts to Plaintiff. The copying rate charged by the undersigned law firm is $.20 per page, which is the prevailing rate in the community.

## II.     CONCLUSION

For the foregoing reasons, Defendants, Ethicon, Inc. and Johnson & Johnson, respectfully request this Court enter a final judgment for taxable costs in the amount of **$12,535.25** in their favor and against Plaintiff, Lana C. Keeton.

## III.    CERTIFICATION PURSUANT TO LOCAL RULE 7.3

Undersigned counsel verifies under penalty of perjury under the laws of the United States of America that he has fully reviewed the data supporting this motion and that this motion is true and correct and is well grounded in fact and justified. Undersigned counsel also certifies that he has conferred with Plaintiff in a good faith effort to resolve the issues raised by this motion but that a fair resolution could not be obtained. Defendants do not request a hearing on this matter.

                                                                 S/Neville Leslie
                                                                 Neville M. Leslie
                                                                 Florida Bar No.: 107492
                                                                 nleslie@arnstein.com
                                                                 Jeffrey B. Shapiro
                                                                 Florida Bar No.: 484113
                                                                 jbshapiro@arnstein.com
                                                                 Efrain Carlos
                                                                 Florida Bar No.: 525804

CASE NO.: 06-21116-CIV-UNGARO-BENAGES

ecarlos@arnstein.com
**ARNSTEIN & LEHR LLP**
Attorneys for Ethicon, Inc.
and Johnson & Johnson
and 200 So. Biscayne Boulevard, Suite 3600
Miami, Florida 33131
Tel.: 305-374-3330
Fax.: 305-374-4744

STATE OF FLORIDA            )
                            )
COUNTY OF MIAMI-DADE        )

The foregoing Verified Motion for Taxable Costs and Supporting Memorandum of Law was sworn to and subscribed before me August __23, 2007__, by Neville M. Leslie, who is personally known to me.

_____
Signature

_____
Print (Notary's Name)

Notary Stamp:

> SHARON L. GRANT
> Notary Public - State of Florida
> My Commission Expires Jan 30, 2011
> Commission # DD 630463
> Bonded Through National Notary Assn.

CASE NO.: 06-21116-CIV-UNGARO-BENAGES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of August, 2007, I filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                S/Neville Leslie
                                                Neville M. Leslie
                                                Florida Bar No.: 107492
                                                nleslie@arnstein.com
                                                Jeffrey B. Shapiro
                                                Florida Bar No.: 484113
                                                jbshapiro@arnstein.com
                                                Efrain Carlos
                                                Florida Bar No.: 525804
                                                ecarlos@arnstein.com

CASE NO.: 06-21116-CIV-UNGARO-BENAGES

## Service List

LANA C. KEETON V GYNECARE WORLDWIDE, et al.

CASE NO.: 06-21116-CIV-UNGARO-BENAGES/O'SULLIVAN

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Lana C. Keeton
P.O. Box 402494
Miami Beach, Florida 33140.
Telephone: (305) 538 4501
(Via U.S. Mail)

149964_3