UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21116-CIV-UNGARO/O'SULLIVAN

LANA C. KEETON,
    Plaintiff,

v.

GYNECARE WORLDWIDE,
A Division of Ethicon, Inc. A foreign corporation,
ETHICON, Inc., a foreign corporation and
JOHNSON & JOHNSON, a foreign corporation,
    Defendant(s).
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendants, Ethicon, Inc.'s and Johnson & Johnson's Verified Motion to Tax Costs (DE # 180, 8/23/07). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be GRANTED in part and DENIED in part as more fully explained below.

## BACKGROUND

The plaintiff originally filed this action in state court on December 21, 2005. The action was removed to federal court on May 3, 2006. The defendants filed a Motion for Summary Judgment on July 23, 2007. On August 14, 2007, summary judgment was granted in favor of the defendants (DE # 176) and Final Judgment (DE # 177) was entered against the plaintiff in favor of the defendants. On August 23, 2007, the defendants filed the instant motion (DE # 180). On September 25, 2007, the plaintiff

filed a response (DE # 189) and on October 3, 2007, the defendants filed a reply (DE # 194).

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded." See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 ( D. Kan. 1994).   The defendants prevailed in the case at bar because the court granted summary judgment in their favor and therefore are entitled to receive all costs recoverable under 28 U.S.C. § 1920.  A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title;

(6) Compensation of court appointed experts, compensation of

> interpreters, and salaries, fees, expenses, and costs of special
> interpretation services under § 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See <u>EEOC v. W&O, Inc.</u>, 213 F. 3d 600, 620 (11th Cir.  2000).

The defendants seek reimbursement for filing fees, service of process for witness subpoenas, witness fees, deposition fees, hearing transcript fees, copies of pleadings and documents filed for the Court's consideration, and copies of documents produced to the plaintiff in response to discovery in a total amount of $12,535.25.  The plaintiff argues that the "[d]efendants do not set out a clear statement of the Taxable Costs totaling $12,535.25."  "Plaintiff's Response" at p. 2.

The undersigned recommends costs be awarded in accordance with the following discussion.

1.   <u>Fees of the Clerk</u>

The defendants request $350.00 in filing fees incurred when the case was removed from state to federal court.  The plaintiff argues that the defendants are not entitled to these fees because the defendants removed this case to Federal Court and the plaintiff had already paid the filing fee in State Court.  The undersigned disagrees and recommends that the defendants be awarded the costs and expenses associated with these fees.   28 U.S.C. § 1920(1) allows for recovery of  "fees of the clerk and marshal."   The undersigned therefore, recommends that the defendants be awarded

3

**$350.00** for expenses associated with fees of the clerk.

2. Service of Process and Witness Subpoenas

The defendants request service of process and witness subpoenas fees in the amount of $2,979.22. The plaintiff argues that the defendants are not entitled to this amount because only four witnesses, including herself, Dr. Cantor, Todd Sawisch and Peter Schmitt, were deposed in the case and she signed medical release forms which she was told would mean subpoenas would not be required. Accordingly, the plaintiff argues that many of theses costs did not need to be incurred. In the reply, the defendants fail to address why they request reimbursement for subpoenas for medical records for which the plaintiff signed medical releases. Accordingly, the undersigned finds that the defendants are not entitled to these costs. The subpoena costs for Todd Sawisch, Dr. Cantor, and Peter Schmitt, total $216.00. "Private process server fees may be taxed." W&O, 213 F. 3d at 623. It should be noted that the United States Marshal Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida. Accordingly, the undersigned finds that subpoena fees incurred by the defendants for Todd Sawisch, Dr. Cantor, and Peter Schmitt are taxable and that the defendant should be reimbursed **$216.00** for the costs associated with these fees.

3. Fees for witnesses

The defendants request reimbursement in the amount of $40.00 for the costs associated with fees for witnesses. The undersigned recommends that the defendants be awarded this amount. The defendants indicate that they incurred about $11,851.25

4

in witness fees to defend the case at bar.  The defendants request that the Court allow a recovery in excess of the $40.00 per diem witness fee permitted under 28 U.S.C. § 1821.  The motion, however, only requests one $40.00 witness fee and this one $40.00 witness fee is reflected in the total taxable costs requested in the motion as well as the total amount listed in the reply.  The plaintiff argues that the defendants did not identify for whom they requested this witness fee reimbursement.  However, in the fees ledger that is attached to the defendants' motion as Exhibit A, there is for example, a $401.25 witness fee charge listed.   Because the defendants only ask for $40.00 in witness fees, and  28 U.S.C. § 1821(b) permits recovery of witness fees of "$40.00 per day for each day's attendance" and the attendance fee for "time necessarily occupied in going to and returning from the place of attendance. . . ."  See George v. GTE Directories Corp., 114 F. Supp.2d 1281, 1299 (M.D. Fla. 2000); (Section 1920 allows for recovery of witness fees up to $40.00 per day and for travel fees up to 100 miles for appearance of a witness at trial), the undersigned finds that the defendants are entitled to recover *$40.00* in witness fees.

4.   Fees of the Court Reporter

The defendants request $3,358.24 in deposition fees and $290.00 in hearing transcript fees.  28 U.S.C. § 1920(2) states that " a judge or clerk or any court of the United States may tax as costs the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."   In her response the plaintiff argues that it is impossible to determine how the defendants arrived at the amount requested for deposition fees.  The plaintiff provides some additional information about her use of the depositions, but does not further address why the

defendants are not entitled to recover the deposition fees. In the reply, the defendant failed to address the specifics of how they arrived at the total deposition costs. The billing statement attached to the Motion has several entries that indicate fees for depositions by Esquire Deposition Services. Those entries are as follows:

| 5/7/07 | Esquire Deposition Services: Videotape Depo of Lana C. Keeton | $480.00 |
| --- | --- | --- |
| 5/16/07 | Esquire Deposition Services: Fee for Videotape Deposition Keeton | $170.00 |
| 5/17/07 | Esquire Deposition Services: Fee for Deposition Transcript of Lana Keeton | $1,367.30 |
| 6/22/07 | Esquire Deposition Services: Fee for Deposition of Keeton | $200.00 |
| 6/30/07 | Esquire Deposition Services: Fee for Deposition of Sawishch | $100.00 |
| 7/25/07 | Esquire Deposition Services: Fee for Deposition of Dr. Cantor | $416.84 |

Additionally, while there is travel time to and from New York for the deposition of Schmitt listed on the billing statement, there does not appear to be a billing entry for the actual deposition transcript of Schmitt. There is also an invoice in the amount of $2000.00 attached to the motion from Textile Development Associates, Inc. for a deposition on July 11, 2007, but it does not say for which deposition, and it appears to be for someone's time of 8 hours at $250.00 per hour. 28 U.S.C. § 1920(2) states that

6

" a judge or clerk or any court of the United States may tax as costs the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case".  The defendants may not recover the $2000.00 cost for what appears to be a request to reimburse the cost for someone's time to attend a deposition.  The defendants request a total of $2,217.30 for the costs associated with the videotaped deposition of the plaintiff.[1]  In Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460 (11th Cir. 1996), the Eleventh Circuit held that it is allowable to tax the costs of video depositions under § 1920.  Accordingly, because the plaintiff's deposition was necessarily obtained for use in the case, the undersigned respectfully recommends that the defendants recover the costs associated with the plaitniff's deposition in the amount of $2,217.30. See W&O, 213 F. 3d at 620.

The defendants request $516.84 in reimbursement for fees for the depositions of Dr. Cantor and Sawishch.  These depositions were necessarily obtained for use in the case and are recoverable.

The plaintiff also argues that the defendants are not entitled to recover the $290.00 transcript fee they request because the ruling at the hearing was in favor of the defendants.  The defendants fail to respond to this argument in the reply.  Accordingly, the undersigned finds that the defendants have not shown that the transcript was necessarily obtained for use in the case and the defendants are not entitled to this expense.

Accordingly, the undersigned  recommends that the defendants be awarded

---

[1]This request includes, a $200.00 deposition fee for the plaintiff, $1,367.30 for the transcript of the plaintiff, $480.00 and $170.00 for the videotaped deposition of the plaintiff.

costs associated with fees for the court reporter in the amount of **$2,734.14.**

5.     Fees for Exemplification

The defendants request reimbursement in the amount of $474.94 for fees associated with copies of pleadings and documents filed for the Court's consideration and $5,042.85 for copies of documents produced to the plaintiff in response to discovery. In her response the plaintiff argues that there is no way to determine the accuracy of the number of copies of pleadings and documents filed with the court and it is impossible to determine how the defendant arrived at the amount requested for copies of documents produced to the plaintiff in response to discovery. The plaintiff also argues that the she has already paid copy costs for discovery, the copy costs claimed by the defendants are not accurate and that monies are due to her for copy costs she incurred during the discovery process. In the reply, the defendants failed to provide a detailed response to the plaintiffs arguments. 28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." W&O, 213 F. 3d at 622.

A review of the docket reveals that there were numerous filings made with the Court, however, the defendants have failed to respond to the plaintiff's challenge to the number and cost of the copies. The costs related to photocopying pleadings and documents should be reduced by 50% to **$237.47**.

With respect to the costs requested by the defendant for discovery, the plaintiff argues that the defendants ask for the $1,117.50 cost associated with 4,470 pages of discovery that was non-responsive. She also argues that the defendants' Motion

indicates that they charged $0.20 per page but that the defendants have been charging the plaintiff $0.25 per page.  The plaintiff points out that $5,042.85 of copy charges at $0.20 per page would amount to over 25,000 pages and at $0.25 per page over 20,000 pages.  The plaintiff claims that she only received 4,670 pages of copies in total.  The plaintiff also argues that she has more then paid the defendants for the discovery copies.  The plaintiff's response indicates that the defendants paid the plaintiff $14.75 as a set off to an invoice by the plaintiff for $102.50.  The plaintiff also mentions an invoice to her in the amount of $87.75 at $0.25 per copy.  The plaintiff further states in her response that the defendants now owe her an additional $191.75 for 767 pages of documents produced to the defendants in response to a request for production.  The defendants fail to counter the plaintiff's arguments with respect to the photocopies related to discovery.  Accordingly, the undersigned finds that the defendants are not entitled to recover photocopy costs associated with discovery.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the Defendants, Ethicon, Inc.'s and Johnson & Johnson's Verified Motion to Tax Costs (DE # 180, 8/23/07) be GRANTED in part and DENIED in part as more fully described above and the defendants be awarded a total of  $3,577.61 in costs.   The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Ursula Ungaro**, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied,

9

488 U.S. 958, 109 S.Ct. 397 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

   RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 13th day of November, 2007.

             _____
             JOHN J. O'SULLIVAN
             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Judge Ungaro
All counsel of record

Copies sent by Chambers to:
Lana C. Keeton
P.O. Box 402494
Miami Beach, FL 33140